In the Matter of the Claim of SAMUEL BRAITER, Respondent, against ADDIE Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of DUNCAN MACRAE, Respondent, against TIGER SUPPLY COMPANY, INC., and COAL MERCHANTS MUTUAL INSURANCE COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— For statement of facts see previous decision (ante, p. 869). Reargument. Award unanimously affirmed. No costs are allowed on the reargument; costs as provided in the ·original decision shall stand. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOHN PODOLA, Respondent, against CRESCENT BOX MANUFACTURING Co. and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the State Insurance Fund from an award in claimant's favor for seventy per cent loss of use of the right hand. The employer has also appealed from a like award imposed against it pursuant to the provisions of section 14-a of the Workmen's Compensation Law. The State Industrial Board found that at the time of the accident the employer violated section 146, subdivision 7, of the Labor Law in that claimant was under the age of eighteen years and was employed to clean machinery while in motion. The State Industrial Board found that on January 23, 1936, while the claimant was engaged in his regular occupation and while cleaning an electric circular saw, a machine in motion, his right hand came in contact with the rotating saw causing the injuries for which the award was made. There is evidence to sustain the find-ing of the Board. There is also evidence to sustain the Board's finding that claimant was directed by the employer to clean the cutting machine while the same was in motion. The evidence also sustains the finding of the State Industrial Board that the employer was guilty of a violation of section 146, subdivision 7, of the Labor Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of DEVA BUCHIGNANI and Another, Respondents, against RONALD TAYLOR Co. and THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decedent was drowned when the steamship Observation sank. He was on his way to interview employer's foreman on Riker's Island. Deceased had worked several years for the employer. When work was slack he would be laid off. He had been laid off for several days before his death. Two or three days before the fatal trip he had been to the island and had interviewed the foreman, who told him to come back to the island in a few days when he would be put to work or told when his services would be required. The death occurred on this return trip. Officers of employer said that decedent was still connected with the company, but tempo-rarily laid off because of slackness of work. He still kept his pass for use on the boat and his payroll number. (Matter of Zwilling v. Slotnik Co., 254 App. Div. 792; Matter of Husgen v. Gen. Elec. Co., 243 id. 658.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser. Bliss and Heffernan, JJ.